STATE OF NEBRASKA, EX REL. JOHN BARTON, V. MILLARD F. FRANTZ.

FILED MAY 19, 1898. No. 9968.

1. **Quo Warranto: JURISDICTION OF DISTRICT COURT.** The district court has original jurisdiction in an action in the nature of quo warranto to hear and determine conflicting claims to a public office.

2. **Office and Officers: SURRENDER OF OFFICE.** It is the duty of one in possession of an elective office, at the end of his term, to surrender that possession to one who holds the certificate of election for the ensuing term.

3. ———: DUTY TO QUALIFY. The provisions of section 15, chapter 10, Compiled Statutes 1897, requiring any person appointed or elected to a public office to qualify at the time and in the manner therein directed, do not apply to a claimant for an office who, through the carelessness, negligence, or willful omission of the precinct election boards in the discharge of their duties, failed to receive the certificate of election to such office.

4. ———: CERTIFICATE OF ELECTION: EVIDENCE. Where a candidate for a public office has received and holds the certificate of election, such certificate is conclusive evidence of his right to the office until it is judicially determined that some other person has a better title.

5. ———: ———: QUO WARRANTO. A candidate who has failed to secure the certificate of election may qualify and be inducted into office upon establishing his claim thereto in a quo warranto proceeding.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Reversed.*

*F. I. Foss, J. D. Pope, A. N. Dodson,* and *J. A. Wild,* for plaintiff in error.

*Hastings & Sands, contra.*

SULLIVAN, J.

John Barton, upon his own relation, filed an information in the nature of quo warranto addressed to the district court of Saline county to test the right of Millard F. Frantz to hold and exercise the office of treasurer of said county. The statement of facts which constitutes the basis of the proceeding may be summarized as follows: The relator alleges a demand on the county attorney to institute the action and a refusal on his part to do so; that this action is brought on behalf of the state and of himself; that he is a citizen of the United States and of the state of Nebraska, and on November 2, 1897, was a resident and elector of Saline county and possessed of all the qualifications required by law to hold the office of treasurer of said county; that he and respondent were the regular nominees and candidates of their respective parties for said office; that relator received 1,865 votes for said office and respondent 1,722 votes, and no more; that relator received a majority of all the votes cast at said election for the candidates for said office and was duly and legally elected such treasurer for the term of two years, commencing on the 6th day of January, 1898. It is further alleged that there was error, negligence, and fraud on the part of the judges and clerks of election in the various voting districts in said county in the count of votes and the returns thereof to the county clerk, and that the official canvass of said returns wrongfully and erroneously represented and showed that the respondent received 1,796 votes and the relator 1,752 votes; that some votes were wrongfully counted for respondent or wrongfully rejected and not counted at all, and that on the official canvass, on ac-

count of such carelessness, negligence, and fraud, the facts as to the correct vote for relator and respondent did not appear, and therefore a certificate of election to said office was issued by the county clerk of said county to the respondent, who, on January 6, 1898, wrongfully usurped said office and entered upon the duties thereof. The relator further alleges that prior to and including January 6, 1898, he had no knowledge of such carelessness, negligence, and fraud, and prays for a recount of the votes cast at said election for said office; that respondent be declared not elected; that judgment of ouster be rendered against him; and that the relator be declared elected to said office and installed therein, on qualifying as required by law. The respondent demurred to the information for the following reasons: (1) That the court has no jurisdiction of the subject of the action; (2) that the plaintiff has not legal capacity to sue; (3) that the petition and information does not state facts sufficient to constitute a cause of action. The court sustained the demurrer, overruled a motion for a new trial, and dismissed the action. To secure a reversal of this judgment is the purpose of this proceeding in error.

One of the grounds urged in justification of the ruling of the district court on the demurrer is that the court was without jurisdiction to hear and determine the cause for the reason that the statutory remedy by contest is exclusive. That question has been twice before this court for decision and may now be considered as definitely settled adversely to the contention of the respondent. In the case of *Kane v. People*, 4 Neb. 509, LAKE, J., after bringing into view the constitutional and statutory provisions bearing upon the point, uses this language: "This shows the entire harmony existing between the constitution and our legislation on this subject, and leaves us in no doubt whatever as to the full and complete jurisdiction of the district court in this case." In *State v. Frazier*, 28 Neb. 438, a case involving the office of county

attorney, the question was re-examined and the doctrine of *Kane v. People, supra,* approved. In the opinion written by COBB, J., it is said: "I am therefore of the opinion that the remedy by contest under the provisions of the statute above cited, in cases like the one at bar, is a cumulative and not exclusive one, and that the objections to the procedure by quo warranto and to the jurisdiction of this court to hear and determine it must be overruled."

Another argument pressed on our attention with much apparent confidence by the respondent is that the relator was in possession of the office in controversy, and having voluntarily abandoned the same and surrendered the possession thereof to the respondent, he thereby forfeited whatever rights he may have had. This contention is obviously without merit. Barton does not rely on a mere possessory right, but upon a title derived from, and by virtue of, an election. If he was in possession, it was his duty, at the commencement of the new term, to surrender that possession to his adversary, who held the certificate of election and was, therefore, *prima facie* the lawfully chosen treasurer. (McCreary, Elections [3d ed.] sec. 267.) Moreover, it appears from the allegations of the information that Barton did not acquiesce in respondent's claim of title, nor concede its validity, with knowledge of the facts which he now insists show his own election to the office.

A further consideration put forward in support of the judgment of the district court is that the relator has never qualified as treasurer of Saline county. Section 5 of chapter 10 of the Compiled Statutes 1897 requires all officers elected at any general election to file in the proper office their official bonds, with oath of office indorsed thereon, on or before the first Thursday after the first Tuesday in January next succeeding the election. Section 7 of the same act makes it the duty of the county board to approve the official bonds of all county officers except their own; and section 15 provides that "if any person elected or appointed to any office shall neglect

to have his official bond executed and approved as provided by law, and filed for record within the time limited by this act, his office shall thereupon *ipso facto* become vacant and such vacancy shall thereupon immediately be filled by election or appointment as the law may direct in other cases of vacancy in the same office." If these provisions of the statute are applicable to persons who have been chosen by the electors, but not canvassed in by the returning board, it is perfectly clear that the relator has now no legal claim to the office and cannot maintain this action.

It was held in *State v. Plambeck,* 36 Neb. 401, and also in *McMillin v. Richards,* 45 Neb. 786, that where an official bond in due form, with sufficient sureties thereon, is tendered for approval by one having the *prima facie* title to an office, the proper officer must approve it, and that such duty would be enforced by mandamus. But we know of no case holding that there is any right given or duty imposed on any officer or board to approve an official bond offered by one who possesses no competent evidence whatever of his election or appointment. Had the relator presented his bond as treasurer to the county board of Saline county, that body would have no right to approve it and thereby recognize his title to the office. Mr. Frantz held the certificate of election, and that was to them conclusive evidence of his right until the conflicting claims of the parties should be judicially determined in a proper proceeding. Consequently nothing would have been gained—no useful purpose would have been served—by the execution and presentation of an official bond. (*People v. Miller,* 16 Mich. 56.) The logic of respondent's contention, therefore, is that the relator lost his right to the office by failing to have that done which, under the circumstances, was legally impossible of performance. We do not think the statute should receive so narrow an interpretation. We think that the failure of Barton to have his bond executed and approved within the statutory period was not the result of his neglect, and

that section 15 aforesaid has no application to cases of this character. Such failure, according to the averments of the information, was entirely due to the negligent or willful omission of the precinct election boards to discharge the duties imposed upon them by law. It seems to us that the act in relation to proceedings by quo warranto governs the case. Section 711 of the Code of Civil Procedure provides that if judgment be rendered in favor of one claiming an office he shall proceed to exercise its functions after he has qualified as required by law. This provision evidently contemplates that the successful claimant shall qualify after judgment of ouster, and proceeds on the assumption, of course, that he did not qualify before. We are aware it was held in the case of *State v. Lansing*, 46 Neb. 514, that upon the failure of an officer elected to qualify as required by law his office became, *ipso facto*, vacant; but in that case the failure to qualify was due to the officer's own neglect and did not occur through the fault or omission of any other officer charged with a duty in relation to the matter. In that case the officer might have qualified and failed to do so, while in this case the relator was prevented from qualifying by the errors or misconduct of the precinct election officers. The difference is an obvious and substantial one. Our conclusion is that the relator may prosecute this action without having qualified as treasurer of Saline county, and that if he shall be successful he may be inducted into office upon giving, and having approved, his official bond with the oath of office indorsed thereon. This conclusion is warranted by a fair construction of the several statutory provisions bearing on the question. It is consonant with justice and is supported by several adjudged cases. (*People v. Mayworm*, 5 Mich. 146; *People v. Miller*, 16 Mich. 56, 24 Mich. 458.) The judgment is reversed and the cause remanded for further proceedings.

REVERSED.