## W. E. HAVERSTOCK v. E. E. AYLESWORTH, Judge.

Quo Warranto and Statutory Contest:  ARE CUMULATIVE REMEDIES. Code, section 4313, declares that civil actions by ordinary proceeding may be brought in the name of the state against any person unlawfully holding any public office within this state. Title 6, chapter 7, provides that the election of any person to any county office "may be contested" by any person eligible to such office, and that the court for the trial of contested county elections shall be presided over by the chairman of the board of supervisors, etc. *Held*, that a petition for quo warranto to test the right of the incumbent of a county office to hold the same was not demurrable on the ground that the proceedings prescribed in Code, title 6, section 7, are exclusive, since such proceedings are merely cumulative.

*Certiorari to Council Bluffs Superior Court.*—HON. E. E. AYLESWORTH, Judge.

THURSDAY, APRIL 11, 1901.

THE petitioner was declared duly elected treasurer of the independent school district of the city of Council Bluffs, to succeed George S. Davis, who was a candidate against him. Davis refused to surrender the office, and was compelled to do so by mandamus proceedings. Afterwards he began an action in the superior court to test the right of the petitioner to the office in question. The petitioner herein demurred to the petition in that action, which demurrer was overruled. This proceeding is to test the correctness of the court's ruling thereon.—*Dismissed.*

*Flicklinger Bros* for petitioner.

*H. J. Chambers* and *S. B. Wadsworth* for defendant.

SHERWIN, J—The demurrer went to the jurisdiction of the superior court to hear and determine the rights of the

petitioner and Davis to the office in question. The petitioner contends that this office is within the provisions of title 6, chapter 7, of the Code, which provides for and regulates election contests; that the contest therein provided for is exclusive; and that an action of *quo warranto* will not lie. If it be conceded for the purposes of this case that section 1250 of the Code brings this officer within the law relating to contests,—a proposition which we very much doubt,—we cannot agree with the contention that the remedy by contest is exclusive. Section 1198 of the Code says "that the election of any person to any county office * * * may be contested by any person eligible to such office." It then enumerates the grounds of such contest. Section 1201 is in the same chapter of the Code, and relates to the same subject. It is as follows: "The court for the trial of contested county elections shall be thus constituted; the chairman of the board of supervisors shall be the presiding officer, and the contestant and incumbent may each name a person who shall be associated with him." Section 4313 of the Code provides as follows: "A civil action by ordinary proceedings may be brought in the name of the state in the following cases: (1) Against any person unlawfully holding any public office or franchise within this state," etc. It will be noticed that section 1198 says that an election "may be contested" for certain reasons. The rest of the chapter provides for the court and procedure when such a contest is instituted. But there is nowhere in our constitution or in the Code any mandate that the contest court provided by the statute shall have sole, final, or exclusive power of determining election contests. Nor do we think any just inference can be drawn from the act itself that the legislature intended its jurisdiction to be exclusive. On the other hand, it satisfactorily appears that such was not the intent. Otherwise, section 4313, quoted above, would be entirely without force or effect. It is a familiar rule that concurrent enactments will be given full force, unless clearly contradictory. Section 4313 clearly confers upon the courts

the power to hear and determine contests of this character. And this power may be invoked by the county attorney, or by any citizen of the state having an interest in the question. Section 4316. It is therefore quite apparent that the legislature has left a choice of remedies for the contestants in this class of cases. Judge Dillon, in his Municipal Corporations (section 202, 3d ed.), says: "It is not unusual for charters to contain provisions to the effect that the common council or governing body of the municipality 'shall be the judge of the election of its own members.' * * * What effect do provisions of this kind have upon the jurisdiction of the superior courts? The answer must depend upon the language in which these provisions are couched, viewed in the light of the general laws of the state on the subjects of contested elections and *quo warranto*. The principle is that the jurisdiction of the court remains unless it appears with unequivocal certainty that the legislature intended to take it away. Language like that quoted above will not ordinarily have this effect, but will be construed to afford a cumulative or primary tribunal only, not an exclusive one." "Upon the question whether a special statutory remedy for the contest of an election is exclusive of the ordinary jurisdiction of courts over *quo warranto* proceedings, or is merely cumulative, there is a conflict of authority. It would seem, however, that the weight of authority is in favor of the rule that such a special remedy is merely cumulative, unless by express provision or necessary inference it is made exclusive." 17 Enc. Pl. & Prac. p. 423. Such is the rule in Indiana (*State v. Adams*, 65 Ind. 397 and in Michigan (*People v. Tisdale,* 1 Doug. 59. See, also *People v. Holden,* 28 Cal. 124; *People v. Hall,* 80 N. Y. 117; *Newsom v. Cocke,* 44 Miss. 352; *Osgood v. Jones,* 60 N. H. 543; *Attorney General v. Deleware & B. B. R. Co.,* 38 N. J. 282; *Saunders v. Gatling,* 81 N. C. 298; *State v. Dahl,* 65 Wis., 510 (27 N. W. Rep., 343); *Snowball v. People,* 147 Ill. 260 (35 N. E. Rep., 538); *State v. Frantz* 55 Neb. 167 (75 N. W. Rep., 546); *People v. Londoner, 13.*

Colo. Sup. 303 (22 Pac. Rep., 765, 6 L. R. A. 444); *State v. Fransham,* 19 Mont. 273 (48 Pac. Rep., 1); McCrary, Elections, sections 380, 381. In *State v. Funck,* 17 Iowa, 365, it was expressly said that it was not necessary to determine the question before us, and it was not done. We think the superior court rightly overruled the demurrer, and this writ is dismissed.—DISMISSED.