195 N.W.2d 151 (1972)
187 Neb. 849
Kenneth B. SHEAR, Appellant,
v.
COUNTY BOARD OF COMMISSIONERS, ROCK COUNTY, Nebraska, et al., Appellees.
No. 38027.
Supreme Court of Nebraska.
February 18, 1972.
*152 Robert T. Finn, O'Neill, for appellant.
W. Harold Allen, Bassett, Clarence A. H. Meyer, Atty. Gen., Ralph H. Gillan, Asst. Atty. Gen., Lincoln, for appellees.
Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.
McCOWN, Justice.
This is an action in mandamus by the plaintiff Kenneth B. Shear to require the County Board of Commissioners of Rock County, Nebraska, to install him in the office of county assessor. After hearing, the district court found the office of county *153 assessor to be vacant and denied the issuance of a restraining order or a permanent writ of mandamus. The plaintiff has appealed.
The plaintiff, Kenneth B. Shear, was elected to a 4-year term as county assessor of Rock County, Nebraska, at the election on November 3, 1970. A certificate of election was issued to him on November 6, 1970. No action to contest the election was filed. On January 5, 1971, the plaintiff presented a bond and oath of office which the defendant board refused to accept. The plaintiff did not hold a county assessor certificate from the state Tax Commissioner as required by section 77-423, R.S.Supp., 1969. The board indicated to the plaintiff that the office of county assessor would be declared vacant and someone else would be appointed to fill the vacancy. This action was then commenced by the plaintiff.
The plaintiff raises two primary issues. He contends that the court had no jurisdiction to try his right to assume the office of assessor in this proceeding because an election contest or a quo warranto proceeding are exclusive remedies for testing the right to hold elective office. He also contends that the provisions of sections 77-415 to 77-428, R.R.S.1943, and R.S.Supp., 1969, and in particular section 77-423, R.S.Supp., 1969, are unconstitutional.
Sections 77-421 and 77-422, R.S.Supp., 1969, require the Tax Commissioner to hold examinations for certification as county assessor and to issue a county assessor's certificate to the successful applicants.
Section 77-423, R.S.Supp., 1969, provides: "No person shall on or after January 1, 1970, assume the office of assessor or deputy assessor in any county of this state unless he shall hold a county assessor certificate."
It is apparently the plaintiff's position that unless an election contest is filed within the statutory time, the successful candidate at the election for county assessor must be permitted to assume office whether he meets statutory qualifications or not, and thereafter a quo warranto action is the exclusive remedy to remove him. Quo warranto is, of course, a proper remedy to test the right to hold office. Cases relied on by the plaintiff such as State ex rel. Barton v. Frantz, 55 Neb. 167, 75 N.W. 546, and School Dist. No. 49 In Lincoln County v. School Dist. No. 65-R, 159 Neb. 262, 66 N.W.2d 561, did not contemplate a statute such as section 77-423, R.S.Supp., 1969.
The plaintiff's argument is that the district court has no jurisdiction to determine the issues raised in this case except in a form of action entitled "quo warranto." Determining the correct title and form of a proceeding under common law pleadings is no longer the critical legal issue it was in the Nineteenth Century. The district court had jurisdiction to determine the plaintiff's right to assume and hold the office of county assessor. That jurisdiction could be and was properly invoked by the plaintiff by a petition for a writ of mandamus which prayed for appropriate injunctive relief. In an action to establish the plaintiff's alleged right to assume the office of county assessor, he has the burden of proving every essential element to establish his legal right to assume the office.
The plaintiff's second major contention is that sections 77-421, 77-422, and 77-423, R.S.Supp., 1969, are unconstitutional. The attack rests on the assertion that there is an unconstitutional delegation of legislative power to the state Tax Commissioner, and that the statutes create an unreasonable classification. The first two challenged statutes require the Tax Commissioner to hold examinations of applicants for certification as county assessors and to issue certificates of successful completion. Section 77-423, R.S.Supp., 1969, then forbids any person to assume the office of assessor or deputy assessor in any county of this state unless he shall hold such a county assessor's *154 certificate. A portion of section 77-421, R.S.Supp., 1969, provides: "Examination shall be written, or both written and oral, shall be of such character as fairly to test and determine the qualifications, fitness and ability of the person tested actually to perform the duties of county assessor. The Nebraska County Assessors Association shall assist the Tax Commissioner in preparing such examination."
The Nebraska Constitution provides that the Tax Commissioner shall have jurisdiction over the administration of the revenue laws of the state, and with other state officers, shall have power to review and equalize taxation of property within the state. He shall have such other powers and perform such other duties as the Legislature may provide. See, Constitution of Nebraska, Article IV, section 28. This is clearly a constitutional grant of power dependent only upon implementing legislative action. In order to justify the courts in declaring invalid as a delegation of legislative power a statute conferring particular duties or authority upon administrative officers, it must clearly appear beyond a reasonable doubt that the duty or authority so conferred is a power that appertains exclusively to the legislative department, and the conferring of it is not warranted by the provisions of the Constitution. School Dist. No. 8 of Sherman County v. State Board of Education, 176 Neb. 722, 127 N.W.2d 458. Even if the statute here were construed as a delegation of authority to an administrative agency to formulate rules and regulations to carry out an expressed legislative purpose or to implement such a purpose, the standards set forth are sufficiently definite to be within the designated limitations of the expressed legislative intent.
The Legislature has complete power and authority to prescribe the qualifications for the office of county assessor, limited only by the requirement that such conditions of eligibility shall not be unreasonable. See State ex rel. Quinn v. Marsh, 141 Neb. 436, 3 N.W.2d 892. It is clearly reasonable to require testing as to the fitness and ability of a person to perform the duties of the particular public office to which he seeks election or appointment. Fortunately or unfortunately, the statutory requirement of tests for certification of qualifications for the office of county assessor does not extend to other elective offices. That fact does not create an unconstitutional discrimination against prospective candidates for the office of county assessor. There is no constitutional requirement that the statutory qualification requirements must be identical for all elective offices of county government.
The legislation here was general legislation and not local or special legislation. It is clearly competent for the Legislature to classify for purposes of legislation, if the classification rests on some reason of public policy, some substantial difference of situation or circumstance, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. See Tom & Jerry, Inc. v. Nebraska Liquor Control Commission, 183 Neb. 410, 160 N.W.2d 232.
The judgment of the district court was correct and is affirmed.
Affirmed.