PEPSI COLA BOTTLING CO., LINCOLN, NEBRASKA, ET AL., APPELLANTS, V. WILLIAM E. PETERS, TAX COMMISSIONER OF THE STATE OF NEBRASKA, ET AL., APPELLEES.

202 N. W. 2d 582

Filed November 24, 1972. No. 38432.

J. Taylor Greer and Gilbert G. Lundstrom of Woods, Aitken, Smith, Greer, Overcash & Spangler, for appellants.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellees.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This proceeding was commenced by the filing of claims for refund of sales taxes paid to the State of Nebraska upon certain bottles, cartons, and shells sold to the plaintiffs by various manufacturers or suppliers. The Tax Commissioner determined the plaintiffs were not entitled to a refund of the taxes. The plaintiffs then filed their petition for review in the district court pursuant to section 77-27,127, R. R. S. 1943.

The district court found the plaintiffs were not entitled to a refund of the taxes and affirmed the order of the Tax Commissioner. The plaintiffs appeal.

The plaintiffs are bottlers engaged in the business of bottling and distributing at wholesale carbonated beverages commonly known as "soft drinks." The beverages are placed in bottles or cans; the bottles or cans are then placed in plastic or cardboard containers known as cartons or in cases known as shells which are used for carrying case lots of bottles. The bottles, cartons, and shells involved in this litigation are those that are designed for reuse by the bottler. For convenience, they will be referred to as reusable containers. The issue is whether the sale of such reusable containers to the plaintiffs by manufacturers and suppliers is subject to

the sales tax imposed by the Nebraska Revenue Act of 1967.

The general theory of the act is to impose a tax on the sale of each item of property at some point in the chain of commerce. Sales at wholesale and sales of ingredients and component parts to manufacturers are generally not subject to the tax.

Under section 77-2703, R. R. S. 1943, the tax is imposed on the sale of tangible personal property at retail. Section 77-2702 (11) (c), R. R. S. 1943, provides that a sale at retail shall not include the sale of "Nonreturnable containers when sold without the contents to persons who place the contents in the container and sell the contents together with the container; containers when sold with the contents if the sales price of the contents is not required to be included in the measure of the taxes imposed by sections 77-2701 to 77-27,135; and returnable containers when sold with the contents in connection with a retail sale of the contents or when resold for refilling. The term returnable containers means containers of a kind customarily returned by the buyer of the contents for reuse. All other containers are nonreturnable containers; * * *."

The record establishes that the reusable containers involved in this case are customarily returned by the buyer of the contents for reuse. The bottles are reused, on the average, 4 to 7 times; the cartons, 3 to 20 times; and the shells, 30 to 45 times.

The plaintiffs argue that reusable containers do not acquire the status or character of "returnable containers" until they are actually put in the channels of trade as such. The record here establishes that there is a difference in fact between reusable containers and nonreusable containers. The reusable bottles are constructed of heavier and more durable material and have a higher cost to the bottler. Thus, at the time of the sale to the plaintiffs, a particular container can be classified as reusable or nonreusable.

A "deposit" system is used to encourage the return of the bottles and shells to the plaintiffs. At the time of delivery of the product to a customer, the plaintiffs collect or charge a "deposit" on each bottle or shell delivered. The customer receives credit for each empty bottle and shell returned. The plaintiffs' customers in turn collect a "deposit" for each bottle or shell at the time the product is sold and delivered by them, and give credit or repay a like amount when empty bottles or shells are returned. Although the payment made is referred to as a "deposit," a sale of the bottle or shell takes place and there is no obligation on the part of any customer to return or account for bottles or shells.

Since the containers are sold to the customers at the time of delivering the product, the plaintiffs contend that the sale of reusable containers to a bottler is a sale for resale and not subject to tax. Under this theory, the sale to the ultimate consumer would be a sale at retail, and the tax would be imposed on each sale of a reusable container to a consumer and again upon its resale by the consumer.

The act provides that the sale of "returnable containers when sold with the contents in connection with a retail sale of the contents or when resold for refilling" is not a sale at retail. This is a legislative recognition of the fact that bottlers do not purchase reusable containers for the purpose of resale, but for use as a means to convey their product to the consumer. See, District of Columbia v. Seven-Up Washington, Inc., 214 F. 2d 197; Consumers Co-operative Assn. v. State Commissioner of Revenue & Taxation, 174 Kan. 461, 256 P. 2d 850. Thus, the sale to the bottler of reusable containers by manufacturers or suppliers is a sale at retail.

Since the deposits collected are less than the cost of new bottles and shells, the plaintiffs contend that some part of the cost of the bottles, cartons, and shells is included in the price of the product and thus should be

subject to the tax only at the time the product is sold to the ultimate consumer.

To the extent that the unreimbursed cost of reusable containers is a part of the cost of doing business, it is included in the price of the product the same as the cost of machinery and equipment in the plant or the trucks used to deliver the product. In reality, the reusable containers are a part of the equipment of the bottler because they are used over and over again until lost or destroyed. This is not a basis upon which to conclude that their sale to the bottler by manufacturers or suppliers is not subject to tax. Rather, it is a basis upon which to conclude that the sale of reusable containers to the bottler is a sale at retail and not a sale for resale.

The plaintiffs further contend that the sale of reusable containers to the bottlers should not be subject to the tax because the containers enter into and become an "ingredient or component part" of the product and are excluded from a retail sale by section 77-2702 (11) (a), R. R. S. 1943. The contention would have more validity if applied to nonreusable containers since they are sold to the consumer with the product and never returned. The act recognizes this difference by excluding the sale of nonreturnable containers from a retail sale when sold without the contents to persons who place the contents in the container and sell the contents together with the container. § 77-2702 (11) (c), R. R. S. 1943. The reusable containers are not an ingredient or component part of the product because they are dealt with separately, through the system of deposit and return, and are reused indefinitely until lost or destroyed.

Finally, the plaintiffs contend that the separate treatment of reusable containers and nonreusable containers for the purposes of the sales tax is arbitrary and unreasonable and, therefore, invalid. The contention is without merit because there is a factual basis for the

classification. The Legislature may classify for the pur·poses of legislation if the classification rests upon a substantial difference of situation or circumstance. Shear v. County Board of Commissioners, 187 Neb. 849, 195 N. W. 2d 151.

If the plaintiffs' contention that all containers must receive the same treatment for tax purposes were accepted, it would not necessarily follow that the sale of reusable containers to a bottler would not be subject to the tax. It is unnecessary to explore this possibility further because we conclude that a valid basis for classification exists.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.