REQUESTED BY: Senator Harold F. Sieck Member of the Legislature 2107 State Capitol Lincoln, Nebraska 68509
Dear Senator Sieck:
You have submitted to us a proposed bill which would amend Neb.Rev.Stat. § 77-202 (Supp. 1980) by adding the following to the list of properties exempted from taxation by that section:
 Transmission and distribution lines, transformers and associated substation facilities within the State of Nebraska owned by non-profit cooperative corporations and associations and used or useful for the transmission and distribution of electric power and energy, except that such lines, transformers and facilities which were assessed during 1979 shall continue to be assessed and taxed based upon the 1979 assessments with respect to such property.
You have asked our opinion as to the constitutionality of such an amendment. We believe that an exemption of personal property of this kind could be sustained, but that the proposal contains two provisions which cannot.
We construe the exemption to apply only to personal property, although the term `associated substation facilities' is somewhat unclear to us. This exemption, to be valid, must be authorized by the provision of Article VIII, Section 2 of the Nebraska Constitution permitting the Legislature to classify personal property in such manner as as it sees fit, and to exempt any of such classes, or to exempt all personal property. Clearly, real estate could not be exempted under such a provision, and we construe your proposed bill to pertain only to personal property.
One question that must be answered is whether the classification is reasonable. While Article VIII, Section 2 authorizes the Legislature to classify personal property `as it sees fit,' we are confident that the Supreme Court would require that the classification be reasonable. Unreasonable classification is prohibited by Article III, Section 18 of the Constitution, and it would require extraordinarily explicit language in the Constitution to convince the court that what it considered unreasonable classification was to be authorized. Even then, such classification would probably run afoul of the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution.
The first classification we will consider is that between property owned by `non-profit cooperative corporations and associations' and others. The property owned by the non-profit organization would be exempt, while similar property owned by other persons or entities would not. We believe this is reasonable classification. The Legislature is given a wide range of discretion in classifying, and it appears to us that there are differences between non-profit corporations and associations, on the one hand, and private persons or profit-making corporations, on the other, to justify different treatment of them in this way.
We recognize that in State ex rel. Meyer v. Story,173 Neb. 741, 14 N.W.2d 769 (1962), the court said that the provision authorizing the Legislature to provide a different method of taxing motor vehicles did not authorize it to provide a different method of taxing motor vehicle dealers. However, we believe the case can be distinguished, because the constitutional provision being construed in Story did not have the specific classification authority we are dealing with, and furthermore, it is, perhaps, more reasonable to treat non-profit organizations differently from other entities than it is to pick out a class of profit-making corporations or persons, such as motor vehicle dealers, for special treatment.
The other classification involved is that between lines, transformers, and facilities assessed during 1979, and similar property not assessed during that year. We find it difficult to justify such a classification. Exactly why property which has been, or will be, acquired after January 1, 1979, should now be exempt from taxation, but similar property acquired before January 1, 1979, should be taxed escapes us. There is nothing which `naturally suggests the justice or expediency of diverse legislation with respect to the objects classified.' See Shear v. County Board of Commissioners,187 Neb. 849, 195 N.W.2d 151 (1972). Stahmerv. State, 192 Neb. 63, 218 N.W.2d 893 (1974) casts some doubt as to whether Article III, Section 18 applies to the classification of personal property under Article VIII, Section 2, but, as we indicated above, we cannot believe that the court would sustain a completely baseless classification, and even if Article III, Section 18 does not apply, the Equal Protection Clause does. We therefore doubt the validity of such a provision.
The bill would also provide that the property not exempted should continue to be assessed based upon the 1979 assessment. If this means that it shall continue, for as long as it is owned and used, to be assessed at the value ascribed to it as of January 1, 1979, it clearly violates the uniformity provisions of Article VIII, Section 1 of the Constitution. If it continues to be taxable, it must be taxed uniformly with other taxable property, and this uniformity includes uniformity in valuation.
We therefore conclude that it would be difficult to defend your proposed legislation in its present form.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General