REQUESTED BY: Catherine D. Lang Property Tax Administrator
QUESTION: 1. What happens when one who held a county assessor certificate loses the certificate after he or she is elected to that office but prior to taking office, where the loss of the certificate is due to failing the examination for the certificate or by failing to meet continuing education requirements?
 2. What happens when a certificate holder takes office and loses the certificate prior to the expiration of his or her term, either due to revocation of the certificate or due to failure to meet the requirements for re-certification?
 3. What entity is responsible for enforcing the requirement that one be a certificate holder (a) prior to filing for office, and (b) while in office?
CONCLUSION: 1. 2. Eligibility requirements are generally of a continuing nature, so the person would become ineligible to assume office or to continue in office.
 3. The "responsible entity" is the Property Tax Administrator in cases where the Administrator has revoked the certificate during the officeholder's term. If the Tax Equalization and Review Commission revoked or invalidated the assessor's certificate, then the Commission bears the enforcement responsibility. It does not appear that there is a "responsible entity" for enforcement of the requirement that one be a certificate holder prior to filing for office, at least until the person assumes office. After the individual takes office, the county attorney may challenge the officeholder's right to the office through a quo warranto proceeding.
You have presented a number of questions, the essence of which is whether a county assessor may assume office or continue in office if he or she loses his or her assessor's certificate and, if not, which entity bears responsibility for ensuring that the office is not held by one not qualified to hold it.
For several years, the possession of an assessor's certificate has been a requirement for the office of county assessor. In 1969-70 Rep. Att'y Gen. 118 and 196 (Opinion No. 79, dated October 20, 1969 and No. 129, dated November 4, 1970) our office touched upon the language of Section 3 of LB 21 (1969), codified as Neb. Rev. Stat. § 77-423 (1969 Supp.), which prohibited a person from assuming office after January 1, 1970, as county assessor or deputy assessor unless he held an assessor's certificate. There have been a few changes since that time. Formerly, it was the Tax Commissioner who issued the certificates, whereas now the responsibility has passed to the Property Tax Administrator. See Neb. Rev. Stat. § 77-421 (Cum. Supp. 2000). And now, instead of worded in terms of a prohibition against assuming office, the statute indicates that one is not eligible to file for or be appointed to the office of county assessor or deputy assessor sans such certificate. Neb. Rev. Stat. § 23-3202 (Cum. Supp. 2000). The goal, though, is unchanged. "The basic intent . . . is to require that persons performing the duties of assessor or deputy assessor will be qualified to do so." Opinion No. 79, 1969-70 Rep. Att'y Gen. at p. 119. It is a goal which the courts have approved. Rebuffing a challenge to the 1969 law which imposed the requirement, the court said, "It is clearly reasonable to require testing as to the fitness and ability of a person to perform the duties of the particular public office to which he seeks election or appointment." Shear v. County Bd. of Comm'rs, Rock County, 187 Neb. 849, 853, 195 N.W.2d 151,154 (1972).
Despite the change in wording, and despite the fact that a related statute pertaining to county clerks who operate as ex officio county assessors does include a prohibition against assuming the office absent an assessor's certificate, see Neb. Rev. Stat. § 23-3203 (1997), we do not believe that the need to possess a certificate ends after one files for the office of assessor. Nor do we believe that the need to possess such a certificate ceases after an assessor assumes office.
There are two reasons we say this. First, our office has taken the position that requirements or qualifications for office are generally continuing ones. For example, we opined that a member of the Collection Agency Licensing Board became disqualified to continue on the Board after he retired from active participation in the collection business, such participation being a requirement for his membership on the board. Finding no pronouncement by the Nebraska Supreme Court on the question, this office rested its conclusion on "the general rule from other jurisdictions . . . that eligibility to public office is of a continuing nature, and must exist both at the commencement of the officer's term, and during the occupancy of the office." Op. Att'y Gen. No. 96020 (March 11, 1996). The same proposition was repeated the following year when a similar question arose with regard to membership on the Real Estate Appraiser Board. Op. Att'y Gen. No. 97040 (August 6, 1997).
Second, the statute which creates the office of county assessor and sets the term of that office also prescribes that, "The county assessor shall meet the qualifications found in sections 23-3202 and 23-3204." Neb. Rev. Stat. § 32-519(3) (1998). The first section referenced is the one which imposes the assessor certificate requirement. Note that section 32-519(3) describes it as a requirement which a county assessor must meet. It is not set forth merely as a qualification for a candidate for such office. Therefore, section 32-519(3) supports the conclusion that being a certificate holder is obligatory for one who is already a county assessor and not limited to one who is in pursuit of that office.
You next ask which entity is responsible for enforcing the requirement that a county assessor hold a certificate. Although your first two questions would tend to suggest your concern has to do with what is to be done with an assessor whose certificate has expired, conversation with one of your staff has indicated the issue is broader than that, encompassing cases of revocation, too. This is important because the answer appears to turn upon how, and, perhaps, when, the certificate is "lost."
The answer is most clear when a certificate is lost by revocation. According to Neb. Rev. Stat. § 77-1330(7) (Cum. Supp. 2000), the Property Tax Administrator may revoke an assessor's certificate if the assessor willfully fails or refuses to diligently perform his or her duties in accordance with all the laws, regulations, manuals, and such, governing the same. There is a one-year probationary period allowed for improvement, but revocation can occur without allowing the full probationary term in certain cases. The statute continues by stating that upon revocation, "such person shall be removed from office by the Property Tax Administrator, the office shall be declared vacant, and such person shall not be eligible to hold that office for a period of five years after the date of removal." Id. The rules and regulations of your office labeled "Proceedings Instituted by the PTA," and found at 350 NAC 91-001
et seq. (2001), address this subject. Therefore, the Property Tax Administrator would be the "responsible entity" where there has been a77-1330(7) revocation.
The Property Tax Administrator is not the only one who is authorized to revoke an assessor's certificate. Neb. Rev. Stat. § 77-5020
(1996), grants power to the Tax Equalization and Review Commission (TERC) to invalidate the certificate of any county assessor or deputy assessor who willfully fails or refuses to comply with any order of the Commission. Revocation must follow a hearing before the Commission. The section then directs that, "After due notice, if the county assessor certificate of a person serving as county assessor or deputy assessor is revoked, such person shall be removed from office, the office declared vacant, and such person shall not be eligible to hold that office for a period of five years from the date of removal." Id. The statute then grants an appeal to the Court of Appeals by the aggrieved assessor in accordance with the procedure used in other cases before the Commission. Therefore, TERC would be the "responsible entity" where there has been a77-5020 revocation.
It appears that an assessor may also "lose" a certificate through its expiration, although this may have not been the case until recently. In 1999 the Legislature passed LB 194 which, among other things, gave the Property Tax Administrator the authority and duty to establish and maintain educational courses, standards and criteria for certification and recertification, using this word for the first time. Neb. Rev. Stat. § 77-414 (Cum. Supp. 2000). The statutes already provided for annual courses of training and supplemental continuing education, but until the passage of LB 194 these educational opportunities were not said to be linked directly to certification. See Neb. Rev. Stat. §§ 77-410 to 425 (1996). An assessor's certificate was issued upon the successful completion of the examination which the Property Tax Administrator was to offer twice each year, Neb. Rev. Stat. §§ 77-421 and 422 (1996), and it appeared that unless action was later taken to suspend or revoke the certificate, it would remain valid.
Review of the Revenue Committee hearing on LB 194 corroborates the conclusion that such certificates were ordinarily valid for a lifetime. The proponents argued that under existing law, one who passed the test and was issued a certificate many years ago, without having practiced in the field or remained current in the interim, could run for and take office as county assessor. They then spoke of the need to give the Property Tax Administrator the power to adopt rules and regulations for the development and conduct of educational programs and tests as conditions for an assessor maintaining his or her certificate, the goal being to keep assessors current in their field. Revenue Committee Records on LB 194, 96th Neb. Leg., 1st Sess. 59 and 73 (January 29, 1999).
We would note that the idea that certificates could expire was not made as clear on the floor of the Legislature. The chairperson of the Revenue Committee described the provisions relating to the Administrator's relationship with the county assessors as "largely a recodification of the existing law . . . I wouldn't say that there are significant changes in that area, but there is a recodification of those provisions into a unified structure so that you can follow it through." Floor Debate on LB 194, 96th Neb. Leg., 1st Sess. 1040 (February 16, 1999) (Statement of Sen. Wickersham). Nothing was said about the bill establishing requirements for preserving or renewing assessor's certificates. One may have thought the reference to re-certification was intended to address the situation where an assessor sought to regain a certificate after it had been revoked.
However, assuming section 77-414's use of the word "recertification" in conjunction with giving authority to the Administrator to establish standards and criteria for the same will suffice to give the Administrator the authority to set time limits on the life of assessor certificates — and we have approved the rules which have imposed such limits — then there may be cases where a certificate will expire before one assumes the office of assessor. As it stands now, to qualify for re-certification a certificate holder is required to either retake and successfully complete the certification examination during the last six months of his or her term or obtain a specified number of continuing education hours. 350 NAC 71-005 and 350 NAC 71-006 (March 5, 2001). Therefore, it seems one could file for office and win election, only to have the certificate expire at or before the start of the term.
Although not expressly stated in the new rules, it would seem that it was contemplated that all assessor's certificates, except those earned on or after July 1, 2002 (see 350 NAC 71-006.01B), would expire on December 31, 2002, unless the certificate holder had successfully retaken the test or achieved the requisite number of continuing education hours. This cycle would repeat every four years, apparently designed to coincide with the four year terms of the assessor's office. Therefore, we question the presumption, expressed in your second question, that an assessor may begin his or her term with a viable certificate but have it expire before the end of the term. That it may be impossible for the assessor to be re-certified would not automatically invalidate the existing certificate, at least until the last date for compliance had passed.
Returning to the issue of enforcement, unlike the situation which exists where the Administrator or TERC revokes a certificate, the law which gives the Administrator authority in this area does not specify what is to be done if an assessor who holds an expired certificate takes office. In this case, we believe that recourse could be had under the quo warranto statutes, Neb. Rev. Stat. §§ 25-21,121 through 25-21,148
(1995). See Op. Att'y Gen. No. 97040 (August 6, 1997) and Op. Att'y Gen. No. 96020 (March 11, 1996). These statutes permit one to test a person's right to hold office. According to Neb. Rev. Stat. § 25-21,122
(1995), a quo warranto proceeding may be initiated by the Attorney General or by the county attorney of the proper county, except that the county attorney may not file against state officers or judges of the district court. It does not state that the Attorney General may not file against county officers, but we believe that the county attorney would be the public official to whom one would look to challenge the right of the county official to assume office or remain in it. According to an early Nebraska case, the quo warranto statutes changed the common law to the extent the statutes gave prosecuting attorneys the authority to institute such proceedings in cases arising in their respective districts; whereas the Attorney General remained the proper party where the state at large was interested. State v. Stein, 13 Neb. 529, 14 N.W. 481 (1882). Since your office administers the certification program, if you have reason to believe that someone who lacks a viable certificate has assumed the office of county assessor, we believe it would be appropriate for you to notify and assist the county attorney of the affected county. We would add that any elector of the county may institute the proceeding if the county attorney has refused to do so within ten days after having been notified in writing of the disqualification of the person purporting to hold the office. Neb. Rev. Stat. § 25-21,122 (1995).
The statutes do not appear to give a governmental entity the responsibility to initiate proceedings to enforce section 23-3202's requirement that one possess an assessor's certificate to file for the office of county assessor. The quo warranto remedy is unavailable until one assumes office. Sorensen v. Swanson, 181 Neb. 205, 147 N.W.2d 620
(1967). However, this does not mean that the candidate must be allowed to assume office before anything can be done to test his or her right to office. Within twenty days of the individual's filing for office, objections to the individual's candidacy may be lodged with the county election commissioner or county clerk pursuant to Neb. Rev. Stat. §§32-624 (1998) and 32-607 (Cum. Supp. 2000). Section 32-624 identifies a county political party committee as one which may lodge such an objection, but it appears that any interested party may do so. We might also mention that the candidate filing form requires the individual to swear that he or she is qualified to be elected, which suggests the possibility of criminal liability if the statement is false.
Shear v. County Bd. of Comm'rs, Rock County, 187 Neb. 849,195 N.W.2d 151 (1972), may point to another avenue. There, Mr. Shear had been elected to the office of county assessor at the election on November 3, 1970. A certificate of election was issued to him a few days later. No action to contest the election was filed. On January 5, 1971, Mr. Shear presented a bond and oath of office to the county board, which refused to accept them. Mr. Shear lacked the assessor certificate required by Neb. Rev. Stat. § 77-423 (Supp. 1969), the predecessor to Neb. Rev. Stat. § 23-3202. The board indicated that the office of county assessor would be declared vacant and filled according to law. Mr. Shear then initiated a mandamus proceeding to require the county board to install him in office. Contrary to his wishes, the district court declined to make the board allow Mr. Shear to assume office and, instead, found the office of county assessor to be vacant. We have not explored the county board's authority in this regard, but the case suggests that it may be worthwhile and helpful for your office to make known to the county boards the certificate status of one who would aspire to office of county assessor.
It may be that we have not anticipated all the situations where certificates may be lost. If we have failed to address all the scenarios you had in mind, please do not hesitate to inquire again if and when those situations present themselves.
Sincerely,
 Don Stenberg Attorney General
 Mark D. Starr Assistant Attorney General
Approved:
_____________________________ Attorney General