JUDY F. PAPPAS, APPELLANT, V. GEORGE A. SOMMER, APPELLEE.
483 N.W.2d 146

Filed May 1, 1992.   No. S-89-1157.

J. Murry Shaeffer, P.C., for appellant.

Francis L. Winner, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

The plaintiff-appellant, Judy F. Pappas, asserts the district court improvidently dismissed her cause for the damages purportedly arising from the alleged professional negligence of the defendant-appellee, attorney George A. Sommer. More specifically, Pappas claims, in effect, that the district court erroneously concluded (1) that she lacked standing to sue and (2) that it lacked subject matter jurisdiction. We affirm in part, and in part reverse and remand for further proceedings.

Pappas alleges in her petition that she, in accordance with the negligent advice Sommer gave her, executed documents which rendered her liable on the debt of another and which subjected her interest in certain real estate to the judgment lien arising out of that debt. According to the petition, it became necessary, as a consequence of the foregoing, for Pappas to "file a personal bankrupcty [sic] action."

Sommer responded by filing a "Motion to Dismiss," asserting that the district court lacked subject matter jurisdiction because "[t]he claim described is part of a bankrupt estate pending in the U.S. Bankruptcy Court," jurisdiction over which had not been removed to the district court.

The district court suggested the motion should be treated as a

demurrer, but nonetheless received in evidence a copy of Pappas' bankruptcy filing, which recites that relief was being sought under chapter 11 of the federal Bankruptcy Code.

The district court explained in its ruling that because Pappas' negligence cause had accrued prior to the bankruptcy filing, the cause had become an asset of the bankruptcy estate and thus could not be pursued by Pappas in her own right.

The district court correctly recognized that a pretrial motion to dismiss is not permitted. Neb. Rev. Stat. § 25-803 (Reissue 1989); *United States Fire Ins. Co. v. Affiliated FM Ins. Co.*, 225 Neb. 218, 403 N.W.2d 383 (1987); *Nelson v. Sioux City Boat Club*, 216 Neb. 484, 344 N.W.2d 634 (1984); *Blitzkie v. State,* 216 Neb. 105, 342 N.W.2d 5 (1983). It also correctly recognized that under appropriate circumstances, such an irregular motion may be treated as a demurrer. *United States Fire Ins. Co., supra*; *Voyles v. DeBrown Leasing, Inc.*, 222 Neb. 250, 383 N.W.2d 36 (1986).

However, the district court ignored the rule that a demurrer goes only to those defects which appear on the face of the petition. *Houska v. City of Wahoo*, 227 Neb. 322, 417 N.W.2d 337 (1988); *Smick v. Langvardt*, 216 Neb. 778, 345 N.W.2d 830 (1984). When ruling on a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged; but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Matheson v. Stork*, 239 Neb. 547, 477 N.W.2d 156 (1991), quoting *Hecker v. Ravenna Bank*, 237 Neb. 810, 468 N.W.2d 88 (1991).

Thus, having elected to treat Sommer's irregular motion as a demurrer, the district court erred in admitting the copy of Pappas' filing in the bankruptcy court. The district court could properly consider only the factual allegations in Pappas' petition and the reasonable implications of those allegations. We so confine our analysis.

We know from the petition that Pappas' negligence action accrued prior to the bankruptcy filing. All assets of the debtor become the property of the bankrupt estate upon

commencement of the bankruptcy proceeding. 11 U.S.C. § 541 (1988). See, e.g., *In re Dow*, 132 B.R. 853 (S.D. Ohio 1991) (cause of action for attorney's alleged malpractice in filing bankruptcy petition constituted estate property). As Pappas' negligence cause constituted property she owned when she filed for bankruptcy relief, the cause became the property of the trustee of the bankruptcy estate, and it was the trustee's obligation to "collect and reduce" its value to money and not Pappas' obligation to do so. 11 U.S.C. § 704(1) (1988).

In arguing against this proposition, Pappas calls to our attention that as a debtor in possession of the bankrupt estate under chapter 11 of the code, bankruptcy rule 6009, 11 U.S.C. app. rule 6009 (1988), grants her, as well as the trustee, the authority to prosecute the malpractice claim. Rule 6009 does indeed provide that, with or without court approval, either a trustee or a debtor in possession may commence and prosecute on behalf of the estate any action or proceeding before any tribunal.

However, as the petition does not allege the type of bankruptcy relief Pappas sought, we cannot know that the filing was under chapter 11. Moreover, as the petition does not so allege, we cannot know that Pappas is in possession of the bankruptcy estate. Without that knowledge, we must apply the general rule that the property of the bankrupt belongs to the trustee of the estate.

Neb. Rev. Stat. § 25-301 (Reissue 1989) provides that, with an exception not involved here, every "action must be prosecuted in the name of the real party in interest . . . ." Not only does the caption of the petition not recite that the negligence action is brought on behalf of the bankruptcy estate, the petition fails to allege that Pappas prosecuted the lawsuit for and on behalf of the estate. Accordingly, the district court correctly concluded that Pappas lacked standing to bring this lawsuit in her own name and on her own behalf. See, e.g., *Collins v. Federal Land Bank of Omaha*, 421 N.W.2d 136 (Iowa 1988) (legal malpractice claims based on attorney's alleged negligent advice and conduct on behalf of clients accruing before bankruptcy filing became property of bankruptcy estate and could not be pursued by clients on their own behalf).

However, our analysis does not end with that determination, for the rule is that after a demurrer is sustained, leave to amend the petition is to be given, unless it is clear that no reasonable possibility exists that the plaintiff will be able to correct the deficiency. See, *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990); *Kane v. Vodicka*, 238 Neb. 436, 471 N.W.2d 136 (1991); *Schmuecker Bros. Implement v. Sobotka*, 217 Neb. 114, 348 N.W.2d 130 (1984); *Fowler v. Nat. Bank of Commerce*, 209 Neb. 861, 312 N.W.2d 269 (1981); *Newman Grove Creamery Co. v. Deaver*, 208 Neb. 178, 302 N.W.2d 697 (1981).

Thus, while the district court correctly sustained Sommer's demurrer, it erred in failing to grant Pappas an opportunity to amend her petition. Accordingly, we affirm the district court's sustainment of the demurrer, but reverse its order of dismissal and remand the cause for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.