DONNA MAE GOFF ET AL., APPELLANTS, V. MARY ANN WEEKS, APPELLEE.

517 N.W.2d 387

Filed June 17, 1994.   No. S-92-723.

Russell S. Daub, of Daub & Nelson, for appellants.

Neil W. Schilke, of Sidner, Svoboda, Schilke, Thomsen, Holtorf & Boggy, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

LANPHIER, J.

Donna Mae Goff, the former wife of Floyd Goff, now deceased, and their three surviving children filed an action in the Dodge County District Court. Donna Goff and the three surviving children sought to prevent life insurance proceeds payable on the death of Floyd Goff from being paid to Mary Ann Weeks, defendant. Floyd Goff had developed a relationship with Weeks after his separation from Donna Goff. Weeks was named as beneficiary on a significant amount of insurance on the life of Floyd Goff. The plaintiffs contend that beneficiary changes to the policies should be voided because Weeks exerted undue influence over the decedent and breached her fiduciary duties by exercising her power of attorney to effectuate these changes, in violation of the express powers granted in the power of attorney. This appeal arises from an order of the Dodge County District Court in favor of Weeks denying the plaintiffs' request for a permanent injunction against Weeks from making any claim on the decedent's

insurance policies and declaring Weeks to be the rightful and legal beneficiary of the decedent's life insurance policies. We affirm the judgment of the district court.

## FACTUAL BACKGROUND

Floyd Goff, the decedent, was married to Donna Goff for 33 years before their divorce in February 1988. The marriage produced four children, three of whom survived Floyd Goff. Donna Goff and the three children are the plaintiffs in this action.

In September 1987, Floyd Goff began living with Weeks, the defendant in this case. He was involved in a loving relationship with Weeks and with her children. His relationship with his own three children deteriorated, and there were infrequent communications between the children and him from the time of his divorce from Donna Goff until the time of his death. He was first diagnosed with cancer on June 23, 1991, and was hospitalized for two periods of time; the first from June 29 to August 18, and the second from September 23 to October 18. He died November 1, 1991.

Floyd Goff had six life insurance policies which are the subject of this dispute. Three Prudential policies and a New England Life policy named the Omaha National Bank as beneficiary, as trustee under a revocable trust agreement. The trust agreement originally named Donna Goff as primary beneficiary and his children as secondary beneficiaries. A NACOLAH policy (previously AMOCO) had named both Donna Goff and Weeks as beneficiaries, with 50 percent of the proceeds to each. A Loyalty Life policy had named Donna Goff as the beneficiary. On July 12, during his first hospitalization period, Floyd Goff executed change of beneficiary forms on the Prudential, NACOLAH,and Loyalty Life policies to name Weeks as sole beneficiary to each of these policies. On July 17, he then executed a change of beneficiary form on the New England Life policy, naming Weeks as primary beneficiary and his three children as secondary beneficiaries.

## ASSIGNMENTS OF ERROR

We have summarized and reorganized the errors raised by appellants in an effort to present them in an orderly manner.

Appellants contend that the district court erred in not voiding the beneficiary changes because (1) the tape recordings, letters, and statements made by the decedent establish that Weeks exerted undue influence over the decedent; (2) Weeks breached her fiduciary duty pursuant to the power of attorney; (3) Weeks violated the express terms of the power of attorney; and (4) Weeks as attorney in fact made an impermissible gift to herself pursuant to a power of attorney. Appellants also claim that the district court's holding that Donna Goff was not a real party in interest to the Loyalty Life insurance policy of the decedent is in error.

## STANDARD OF REVIEW

This is an equitable action commenced in the district court, wherein the plaintiffs sought to enjoin the defendant from making a claim on the decedent's life insurance policies and a declaration of the rightful and legal beneficiaries of the decedent's policies. In an appeal of an equity action, an appellate court reviews the record de novo, subject to the rule that where credible evidence is in conflict on material issues of fact, the appellate court will consider and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *Pruss v. Pruss*, 245 Neb. 521, 514 N.W.2d 335 (1994); *State v. Nebraska Assn. of Pub. Employees*, 239 Neb. 653, 477 N.W.2d 577 (1991); *In re Estate of Lienemann*, 222 Neb. 169, 382 N.W.2d 595 (1986).

## ANALYSIS

### REAL PARTY IN INTEREST

The first issue we address is whether Donna Goff is a real party in interest with respect to the Loyalty Life insurance policy. Upon review of the record, we find that she is. Neb. Rev. Stat. § 25-301 (Reissue 1989) provides that, with an exception not involved here, every "action must be prosecuted in the name of the real party in interest." In determining if a party is a real party in interest, the focus of the inquiry is whether the party has standing to sue because the party has some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. The purpose

of the inquiry is to determine whether the party has a legally protectable interest or right in the controversy that would benefit by the relief to be granted. *Nebraska Depository Inst. Guar. Corp. v. Stastny*, 243 Neb. 36, 497 N.W.2d 657 (1993). Exhibit 120 is a letter from Loyalty Life presenting the beneficiary history and a stipulation between the parties confirming such. The history shows Donna Goff to be the named beneficiary prior to the July 12, 1991, change of beneficiaries. If the change of beneficiary to Weeks is voided, Donna Goff would be entitled to the proceeds. Therefore, Donna Goff is a real party in interest.

### Undue Influence

The second issue before this court is whether Weeks exerted undue influence over the decedent causing him to change the beneficiaries of his life insurance policies from Donna Goff and her three children to Weeks.

To warrant a rejection of a written instrument on the ground of undue influence, the proponent of undue influence must establish each of the following elements:

> (1) that the person who executed the challenged instrument was subject to undue influence, (2) that there was an opportunity to exercise undue influence, (3) that there was an intent to exercise undue influence for an improper purpose, and (4) that the result was clearly a product of the undue influence.

*Pruss v. Pruss*, 245 Neb. 521, 536, 514 N.W.2d 335, 346 (1994). Accord, *Miller v. Westwood*, 238 Neb. 896, 472 N.W.2d 903 (1991); *Craig v. Kile*, 213 Neb. 340, 329 N.W.2d 340 (1983); *In re Estate of Saathoff*, 206 Neb. 793, 295 N.W.2d 290 (1980). In an equitable action, the proponent of an undue influence theory bears the burden to prove each of the elements by clear and convincing evidence. *Pruss, supra*. See *In re Estate of Price*, 223 Neb. 12, 388 N.W.2d 72 (1986) (explaining that the burden of proof on a particular issue is controlled by the nature of the cause of action, not by the instrument involved).

It is not merely the exercise of influence which invalidates the written instrument; rather, it is the exercise of *undue* influence. *Pruss, supra*; *In re Estate of Price, supra*. Undue influence is

unlawful or fraudulent influence which controls the will of the actor. *Miller, supra*; *Rule v. Roth*, 199 Neb. 746, 261 N.W.2d 370 (1978).

Because undue influence is often difficult to prove with direct evidence, it may be reasonably inferred from the facts and circumstances surrounding the actor; his life, character, and mental condition. *In re Estate of Villwok*, 226 Neb. 693, 413 N.W.2d 921 (1987). However, the party seeking to establish such influence has not met his burden of proof if all the evidence is circumstantial and the inferences to be drawn therefrom are as equally consistent with the hypothesis that undue influence was not exercised as they are with the hypothesis that such influence was exercised. *In re Estate of Price, supra*.

Although the burden of persuasion or the burden of going forward on the issue of undue influence may shift to the proponent of the instrument, the ultimate burden of proof remains at all times on the party asserting the issue. *Pruss, supra*; *In re Estate of Novak*, 235 Neb. 939, 458 N.W.2d 221 (1990). The party bearing that burden must put forth evidence that convincingly establishes the necessary elements of undue influence. Anything less is not enough to support a finding of undue influence. *Pruss, supra*.

### WAS FLOYD GOFF SUBJECT TO UNDUE INFLUENCE?

In the present case, although Floyd Goff was a well-educated man with a long history of employment in the insurance business, we find that with respect to the first element, he was susceptible to undue influence at the time the beneficiary changes were executed. These changes were executed during his first period of hospitalization, when he underwent chemotherapy, blood transfusions, and morphine treatments. He relied upon Weeks for aid with a number of activities while in the hospital, including help with eating, obtaining information, and obtaining the change of beneficiary forms which he requested. He also granted a power of attorney to Weeks. These facts prove that he was susceptible to undue influence.

WAS THERE OPPORTUNITY TO EXERCISE UNDUE INFLUENCE?

The parties do not dispute that Weeks had the opportunity to exercise undue influence over Floyd Goff.

WAS THERE INTENT TO EXERCISE UNDUE INFLUENCE?

Appellants contend Weeks had an intent or disposition to exercise undue influence over Floyd Goff because she was "burned out, embarrassed, and upset about sharing insurance" with Donna Goff and because she did not seek advice for Floyd Goff. Brief for appellants at 45. We do not agree.

Evidence that the party benefiting by the document executed made no attempt to keep others from seeing and conversing with the party tends to show the absence of a disposition to exert undue influence. See *Fremont Nat. Bank & Trust Co. v. Beerbohm*, 223 Neb. 657, 392 N.W.2d 767 (1986). Weeks informed Donna Goff and the children of Floyd Goff's hospitalization and allowed them to visit him alone in the hospital. Weeks called Bill Olson, who was Floyd Goff's friend and manager at Prudential, with a request for him to visit Floyd Goff. Lastly, Weeks obtained the change of beneficiary forms for him and helped fill them out, per his request. In fact, Weeks obtained additional change forms for him *after* she had been named sole beneficiary, again per his request. We find that there is insufficient evidence to prove that Weeks intended to gain an unfair advantage by devices which reasonable persons would regard as improper.

WAS RESULT A PRODUCT OF UNDUE INFLUENCE?

Appellants claim the resulting changes were the product of undue influence because Floyd Goff bestowed upon Weeks a greater amount than he had intended to and effectively disinherited his children. However, the law recognizes the right of a person to control and dispose of his own property and the right to choose the person who shall be the recipient of his bounty. *Eggert v. Schroeder*, 158 Neb. 65, 62 N.W.2d 266 (1954); *Johnson v. Mayfield*, 163 Neb. 872, 81 N.W.2d 308 (1957). The type of undue influence which will void a written instrument is an unlawful or fraudulent influence which controls the will of the actor. *Miller v. Westwood*, 238 Neb. 896, 472 N.W.2d 903 (1991); *Rule v. Roth*, 199 Neb. 746, 261

N.W.2d 370 (1978).

Appellants place a great deal of emphasis upon a tape-recorded conversation between Floyd Goff and appellants, during which Floyd Goff stated, "[T]hey were power of appointing and changing beneficiaries to the point — well, I don't know what the hell was going on, to be honest with you." But just moments prior to issuing this statement, he expressed a large degree of hesitancy to communicate his decision to Donna Goff and the children. This statement was made in the context of a difficult conversation in which a dying man struggled to explain to his former wife of 33 years and his children that they were no longer beneficiaries of his insurance policies. We must weigh that conversation with other evidence in the case.

Appellants also assert Floyd Goff made a statement that he wished Weeks to have between $200,000 and $250,000. Prior to his illness, he had placed assets worth $151,267 in Weeks' name. Appellants contend that the actions of naming Weeks as sole beneficiary to the six policies discussed provide Weeks with proceeds of $347,472; more than the amount intended by him in his statement. Appellants contend that this is in violation of express instructions of the principal. However, at the time Floyd Goff made these monetary range statements, he did not know how much his policies were worth. He then obtained information that the policies were worth more than he had previously believed. He subsequently changed beneficiaries. This did give Weeks a greater amount than indicated in his prior statements; however, the record discloses the lack of consistency is due to his lack of knowledge of the policies' worth at the time of the earlier statements.

Floyd Goff's relationship with Donna Goff and the children had deteriorated since his divorce, and communications between them became infrequent. Conversely, he enjoyed a loving and close relationship with Weeks. They discussed their retirement needs, generally had merged their property, and treated each other as husband and wife. Floyd Goff stated he wished to "provide for" and "take care of" Weeks. The evidence shows that the relationship between him and Weeks was one of affection. It would appear that it was that

relationship which influenced him to make the beneficiary changes. This is no doubt distressing and regretful to his former longtime wife and natural children; however, it is not fraudulent and unlawful.

Appellants thus have not satisfied their ultimate burden to prove by clear and convincing evidence each of the last two elements necessary to establish undue influence.

Appellants' remaining assignments of error are without merit. Appellants contend that in exercising her power of attorney to change the beneficiaries of the six policies, Weeks breached her fiduciary duty to Floyd Goff, violated the express terms of the power of attorney, and as attorney in fact made an impermissible gift to herself pursuant to her power of attorney. Weeks did not exercise her power of attorney to execute the beneficiary changes. While it is true that Weeks helped obtain information and the forms per Floyd Goff's request and that she and her brother helped fill them out per his request, it was Floyd Goff himself who executed the change of beneficiary forms.

## CONCLUSION

The district court was correct in declaring Weeks to be the rightful and legal beneficiary of Floyd Goff's life insurance policies. The decision of the district court is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.