WALTER R. FORREST AND ANN L. FORREST, APPELLANTS,
v. SCOTT R. EILENSTINE, ALSO KNOWN AS
SCOTT EILENSTINE, ET AL., APPELLEES.

554 N.W.2d 802

Filed October 29, 1996.   No. A-95-583.

John S. Mingus, of Mingus & Mingus, for appellants.

Patrick J. Nelson, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellees Eilenstine.

IRWIN, SIEVERS, and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Walter R. Forrest and Ann L. Forrest, hereinafter referred to collectively as "Forrest," appeal from district court orders sustaining the demurrer filed by appellees Scott R. Eilenstine and Ray Eilenstine, hereinafter referred to collectively as "Eilenstine," dismissing Forrest's cause of action with prejudice and denying Forrest's motion for new trial. Because we find that Forrest lacked standing to file the petition in this case, we affirm.

## II. BACKGROUND

On August 13, 1989, Scott Eilenstine, a minor child of Ray Eilenstine, was operating a motor vehicle in which Bryna Forrest, a minor child of Forrest, was a passenger. Scott Eilenstine drove the vehicle into a ditch, causing the vehicle to roll. As a result of the accident, Bryna Forrest allegedly suffered injuries.

On July 12, 1993, Forrest filed a petition for chapter 7 bankruptcy relief in the U.S. Bankruptcy Court for the District

of Nebraska. John A. Wolf was appointed as the trustee for the bankruptcy estate. On July 16, a notice of the commencement of the bankruptcy case and the meeting of creditors was issued, establishing that the meeting of creditors was scheduled for August 30.

On August 13, 1993, Forrest filed a petition in the district court for Buffalo County seeking damages from Eilenstine for the August 13, 1989, motor vehicle accident. The petition indicated that a chapter 7 bankruptcy action was pending and that the cause of action against Eilenstine was reported in the bankruptcy proceedings. On March 16, 1994, Eilenstine filed a demurrer alleging a defect in parties plaintiff and alleging that the face of the petition disclosed that Forrest was not the real party in interest. On April 8, 1994, the court sustained the demurrer and allowed Forrest 30 days to amend the petition.

On May 16, 1994, Forrest filed an amended petition. The petition again acknowledged the pendency of the chapter 7 bankruptcy proceedings, but further alleged that "on or about the 30th day of August, 1994 [sic], said trustee abandoned all real and personal property belonging to said estate." On May 25, Eilenstine filed a demurrer to the petition, again alleging a defect in parties plaintiff and that the face of the petition disclosed that Forrest was not the real party in interest. On October 11, the court sustained the demurrer and allowed Forrest 10 days to amend the petition. The court specifically found that "on the face of the plaintiffs' petition it appears that the plaintiffs are not the real parties in interest in the instant matter."

On October 31, 1994, Forrest filed a second amended petition. The petition again acknowledged the pendency of the chapter 7 bankruptcy proceedings and that the trustee had abandoned all real and personal property belonging to the estate on August 30, "1994 [sic]." In the second amended petition, Forrest appears to have amended a paragraph concerning the injuries suffered by Bryna Forrest, limiting the claim to medical expenses incurred in her treatment. The second amended petition appears identical to the amended petition, however, with respect to the allegations concerning the pending bankruptcy proceedings and alleged abandonment of the present cause of action by the bankruptcy trustee. On November 3,

Eilenstine filed a demurrer to the petition, again alleging a defect in parties plaintiff and that the face of the petition disclosed that Forrest was not the real party in interest. On December 21, the court sustained the demurrer. The court found that the pleadings established that the trustee had expressed an intention to abandon the cause of action, but that the petition failed to demonstrate that notice had been given and a hearing conducted on the proposed abandonment, as required by the bankruptcy statutes. Because the court "anticipate[d] that plaintiffs should be able to get the necessary documentation of the abandonment before the court and within their pleadings," the court allowed Forrest 20 days to amend the petition.

On January 10, 1995, Forrest filed a third amended petition. The petition acknowledged the pendency of the chapter 7 bankruptcy proceedings on the date the original petition had been filed and that the trustee had abandoned all real and personal property belonging to the estate on August 30, 1993. The petition further included a copy of the notice of meeting of creditors, which included a provision declaring that the trustee would file a schedule of property to be abandoned within 21 days after the meeting of creditors and that if no objection was filed within 10 days after the 21-day deadline, the property would be deemed abandoned. On January 11, Eilenstine filed a demurrer alleging that the face of the third amended petition contained a defect in parties plaintiff, that Forrest was not the real party in interest, and that the third amended petition failed to state a cause of action. On March 8, the court sustained the demurrer and dismissed the case with prejudice. The court found that it was "readily apparent that the trustee . . . would not have completed abandonment of . . . the plaintiffs' cause of action until approximately October 1, 1993." As a result, the court found that Forrest lacked standing to file the original petition and that the subsequent abandonment by the trustee did not "rehabilitate[] the jurisdictional defect."

On March 20, 1995, Forrest filed a motion captioned a motion "for new trial." On April 18, Forrest tendered a fourth amended petition. On April 18, a hearing was conducted on Forrest's motion for new trial and the court overruled the motion. This appeal timely followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Forrest assigns 17 errors, a number of which are repetitive recitations of one another. We have consolidated these 17 assignments of error for discussion into two. First, Forrest asserts that the district court erred in sustaining the demurrer to Forrest's third amended petition and in dismissing the case with prejudice and not allowing Forrest an opportunity to amend the third amended petition. Second, Forrest asserts that the district court erred in denying the motion for new trial.

## IV. STANDARD OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of all well-pled facts, together with any proper and reasonable inferences of fact and law which may be drawn therefrom, but does not accept the truth of any conclusions of the pleader. *Leader Nat. Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996); *Fox v. Metromail of Delaware*, 249 Neb. 610, 544 N.W.2d 833 (1996). In reviewing a ruling on a demurrer, an appellate court cannot assume the existence of any facts not alleged, cannot make factual findings to aid the pleading, and cannot consider evidence which may be adduced at trial. *Id.* In ruling on a demurrer, the petition is to be liberally construed, and if from the facts stated in the petition it appears that the plaintiff is entitled to relief, the demurrer should be overruled. *Leader Nat. Ins. v. American Hardware Ins., supra.*

On appeal, an order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken. *Fox v. Metromail of Delaware, supra.*

## V. ANALYSIS

### 1. Sustaining Demurrer

#### (a) Standing

Neb. Rev. Stat. § 25-301 (Reissue 1995) provides that, with an exception not involved here, every action must be prosecuted in the name of the real party in interest. See, also, *Goff v. Weeks*, 246 Neb. 163, 517 N.W.2d 387 (1994); *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992). In determining if a plaintiff is the real party in interest as contemplated by

§ 25-301, the focus of the inquiry is on whether or not the plaintiff has standing to sue because the plaintiff has some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. *Goff v. Weeks, supra*; *Nebraska Depository Inst. Guar. Corp. v. Stastny*, 243 Neb. 36, 497 N.W.2d 657 (1993). The purpose of the inquiry is to determine whether or not the plaintiff has a legally protectable interest or right in the controversy that would benefit by the relief to be granted. *Id.*

It is clear that a party must have standing to sue before he can invoke a court's jurisdiction. *In re Interest of Archie C.*, 250 Neb. 123, 547 N.W.2d 913 (1996); *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995); *City of Ralston v. Balka*, 247 Neb. 773, 530 N.W.2d 594 (1995). Having standing to sue involves having some real interest in the cause of action that would benefit by the relief to be granted. *Id.*

The Nebraska Supreme Court has noted that standing is not a mere pleading requirement, but is an indispensable component of a party's case because only a party who has standing may invoke the jurisdiction of the court. *Professional Firefighters of Omaha v. City of Omaha*, 243 Neb. 166, 498 N.W.2d 325 (1993). In this respect, the requirement of standing is a fundamental jurisdictional requirement. See *State v. Baltimore*, 242 Neb. 562, 495 N.W.2d 921 (1993). It is also apparent that a plaintiff's right to recover depends upon his right at the inception of a suit, and the nonexistence of a cause of action when a suit is begun is a fatal defect which cannot be cured by the accrual of a cause of action during the pendency of the suit. See, e.g., *Sutton v. Anderson*, 176 Neb. 543, 126 N.W.2d 836 (1964).

### (b) Bankruptcy Estate

Upon Forrest's filing of the bankruptcy petition, all of Forrest's property, including the chose in action concerning the present case, became property of the estate created pursuant to 11 U.S.C. § 541(a) (1994). See, *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992); *State ex rel. NSBA v. Thor*, 237 Neb. 734, 467 N.W.2d 666 (1991). See, also, 9 Am. Jur. 2d *Bankruptcy* § 952 (1991). Causes of action, including causes of

action for negligence, constitute property rights which are vested in the trustee of the bankruptcy estate upon commencement of a bankruptcy proceeding, such that the trustee gains standing to pursue the cause of action. See, *Pappas v. Sommer, supra*; *State ex rel. NSBA v. Thor, supra*. As a result, once a bankruptcy petition is filed, the debtor loses standing to pursue any cause of action which accrued prior to the bankruptcy filing. See, *Pappas v. Sommer, supra*; *State ex rel. NSBA v. Thor, supra*.

The bankruptcy statutes provide a means for a debtor to regain standing to pursue such causes of action through the abandonment procedure. See 11 U.S.C. § 554 (1994). The Nebraska Supreme Court has acknowledged that once property, including a chose in action, is abandoned by a trustee pursuant to § 554, the property reverts to the debtor. See *State ex rel. NSBA v. Thor, supra*.

Section 554 requires notice and a hearing to effectuate an abandonment of property by the trustee. The U.S. Court of Appeals for the Fifth Circuit has noted that a trustee's professed intent to abandon property does not constitute "abandonment" under § 554 until such time as notice is properly given and a hearing is conducted on the proposed abandonment. See *Matter of Baudoin*, 981 F.2d 736 (5th Cir. 1993).

(c) Application and Resolution

In the present case, Forrest's third amended petition acknowledged that Forrest had filed a bankruptcy petition prior to the filing of the original petition and that the bankruptcy proceedings were still pending when the original petition was filed. As such, Forrest did not have standing to pursue this cause of action on the date of the filing of the original petition. See, *Pappas v. Sommer, supra*; *State ex rel. NSBA v. Thor, supra*. Because Forrest lacked standing, Forrest was not the real party in interest as required by § 25-301. See, *Goff v. Weeks*, 246 Neb. 163, 517 N.W.2d 387 (1994); *Nebraska Depository Inst. Guar. Corp. v. Stastny*, 243 Neb. 36, 497 N.W.2d 657 (1993).

Forrest argues that the trustee expressed an intention to abandon the cause of action prior to service of process on Eilenstine. However, as noted above, until such time as proper notice is

given and a hearing is conducted, a trustee cannot effectuate a proper abandonment of property under the bankruptcy statutes. See, § 554; *Matter of Baudoin, supra.* Because the trustee had not yet satisfied the procedural prerequisites to abandoning this cause of action when Forrest filed the petition in this case, and because Forrest's rights must be ascertained as of the time this case was commenced, Forrest had no right to pursue this cause of action. See *Sutton v. Anderson, supra.*

Although it serves no precedential value, we feel compelled to note the similarities between the present case and the Iowa case *Bronner v. Exchange State Bank*, 455 N.W.2d 289 (Iowa App. 1990). *Bronner* was an appeal of a summary judgment proceeding, but the issues presented on appeal were strikingly similar to the issues in the present case. In *Bronner*, the plaintiff attempted to pursue a cause of action against a bank after he filed a bankruptcy petition. The bank moved for summary judgment, alleging that the plaintiff lacked standing to pursue the cause of action and that the plaintiff should have been estopped from pursuing the cause of action because he failed to list the claim as an asset in the bankruptcy proceedings. On appeal, the Iowa Court of Appeals held that the plaintiff had no standing to pursue the cause of action because it became property of the bankruptcy estate upon filing of the bankruptcy petition. Additionally, the court held that a subsequent abandonment by the trustee did not remedy the jurisdictional deficiency. We hold similarly in the present case.

Because the face of the third amended petition reveals that Forrest had no standing to pursue this cause of action, the district court was correct in sustaining the demurrer. Additionally, it is apparent that no reasonable possibility exists that amendment will correct the defect, and the district court was therefore also correct in dismissing the case and denying Forrest the opportunity to amend the petition a fourth time. See *Fox v. Metromail of Delaware*, 249 Neb. 610, 544 N.W.2d 833 (1996). Finally, the dismissal was appropriately "with prejudice" because the statute of limitations for Forrest's claim arising out of the August 13, 1989, motor vehicle accident had already run. See Neb. Rev. Stat. § 25-207 (Reissue 1995). This assigned error is without merit.

## 2. Motion for New Trial

Subsequent to the district court's order sustaining the demurrer and dismissing the case with prejudice, Forrest filed a motion "for new trial." We initially note that this motion was not, in actuality, a proper motion "for new trial," inasmuch as there was no trial in the first place, but, rather, the motion was merely a motion for reconsideration of the demurrer. See *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). All of the grounds alleged as bases for reconsideration of the court's ruling concerned the sustaining of the demurrer. Finding no error in the district court's ruling concerning that issue, we also find no error in the court's overruling of Forrest's motion "for new trial." This assigned error is without merit.

## VI. CONCLUSION

Forrest had no standing to file the petition in this case. The district court properly sustained the demurrer and properly dismissed the case with prejudice.

AFFIRMED.